ROB BONTA
Attorney General of California
KYLE A. LEWIS
Supervising Deputy Attorney General
ISHA VAZIRANI
Deputy Attorney General
State Bar No. 354914
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3478
Fax: (415) 703-5843
E-mail: Isha.Vazirani@doj.ca.gov
*Attorneys for Defendant*
*S. Tumacder*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **GONZALEZ,**<br>Plaintiff,<br>**v.**<br>**TUMACDER, et al.,**<br>Defendants. | 3:24-cv-06675-RFL<br>**DECLARATION OF S. TUMACDER IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br>Judge: The Honorable Rita F. Lin<br>Trial Date: Not Set<br>Action Filed: September 24, 2024 |

I, S. Tumacder, declare:

1. I was employed by the California Department of Corrections and Rehabilitation (CDCR) from 1/16/2000 until my retirement in 5/5/2025. I was a Correctional Captain at Correctional Training Facility (CTF) from 5/2/2022 until 5/5/2025. I am the defendant in the above-captioned matter. I am competent to testify to the matters set forth in this declaration and, if called upon by this court, could and would so testify. I submit this declaration in support of Defendant's Motion for Summary Judgment.

2. On January 9, 2024, I was a Correctional Captain at CTF. As a Correctional Captain, my duties included conducting Unit Classification Committee (UCC) hearings, during which staff

reviewed inmates' case factors to determine whether inmates were properly endorsed to institutions and housed. My decisions were made pursuant to CDCR regulations and policy.

3. On January 9, 2024, I presided over a Post-Board UCC for Eric Gonzalez, the Plaintiff in this matter. The purpose of a Post-Board UCC is to notify inmates of the denial of parole and document the denial with UCC action.

4. At his January 9, 2024 Post-Board UCC hearing, Mr. Gonzalez inquired about his ability to participate in CDCR's family visiting program. I informed him that due to his convictions, he was ineligible to participate in family visiting. This was based on California Code of Regulations Title 15 § 3177(b)(1), which states:

> Family visits shall not be permitted for incarcerated persons convicted of a violent offense where the victim is a minor or family member or any sex offense, which includes but is not limited to the following Penal Code sections: 187 (when the victim is a family member as defined in Section 3000 or minor); 192 (when the victim is a family member or minor); 243.4; 261; 261.5, 262; 264.1; 266c; 266j; 273a; 273d; 273.5; 273.6; 285; 286; 288; 287; 288.2; 288.5; 289; 289.5; 311.1; 311.2; 311.3; 311.4; 313.1; 314; or 647.6, unless otherwise eligible pursuant to subsection (b)(1)(B) or (C) of this section.

5. My response to Mr. Gonzalez's inquiry regarding family visiting was based on my knowledge the above regulation and the information available to me about his conviction history. This response was not based on any personal animus toward Mr. Gonzalez.

6. Mr. Gonzalez also inquired about whether his custody restrictions could be lowered. Incarcerated individuals are assigned to facilities with specific security levels based on their placement scores, which are determined by a review of their case factors including but not limited to age, crime committed, and prior incarceration. Security levels range from Level I (minimum security, least restrictions) to Level IV (maximum security, most restrictions). Sex offenders are mandatorily placed in Level II facilities. This is based on California Code of Regulations Title 15, § 3375.2(a)(2), which states "An incarcerated person with a history of sex crimes designated in section 3377.1(b) shall not be housed in a Level I facility and shall not be assigned outside the security perimeter." I informed Mr. Gonzalez that he was ineligible for a lower custody level.

7. I have no animus towards Mr. Gonzalez. I do not recall any interactions with him prior to his Post-Board UCC Hearing on January 9, 2024 or in the time since.

8. As a Correctional Captain, I did not have a role in the creation of California Code of Regulations, Title 15, or other regulations concerning prison operations.

I declare under penalty of perjury that I have read this document, and its contents are true and correct to the best of my knowledge.

Executed on this 3rd day of September, 2025, in Visalia, California.

S. Tumacder

SF2025400340
44781871.docx