ROB BONTA
Attorney General of California
KYLE A. LEWIS
Supervising Deputy Attorney General
ISHA VAZIRANI
Deputy Attorney General
State Bar No. 354914
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3478
Fax: (415) 703-5843
E-mail: Isha.Vazirani@doj.ca.gov
*Attorneys for Defendant*
*S. Tumacder*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **GONZALEZ,**<br>Plaintiff,<br>**v.**<br>**S. TUMACDER, et al.,**<br>Defendants. | 3:24-cv-06675-RFL<br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br>Judge: The Honorable Rita F. Lin<br>Trial Date: Not Set<br>Action Filed: September 24, 2024 |

## INTRODUCTION

Defendant's motion for summary judgment should be granted. Plaintiff Gonzalez ("Plaintiff"), an incarcerated individual and sex offender proceeding *pro se*, claims Defendant Tumacder ("Defendant"), then a Correctional Captain at Correctional Training Facility (CTF), violated his right to free exercise of his religion under the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and his right to due process under the Fourteenth Amendment when he denied his requests to participate in the California Department of Corrections and Rehabilitation's (CDCR's) family visiting program and lower his custody restrictions. Defendant's denial of Plaintiff's requests was pursuant to state regulations

prohibiting sex offenders from participating in the family visiting program and having their custody restrictions lowered beyond a certain point. In addition, Defendant's denial of Plaintiff's request to participate in the family visiting program did not substantially burden Plaintiff's religious exercise and was rationally related to the legitimate penological purpose of enforcing state regulations and maintaining institutional safety. Plaintiff also lacks a protected liberty interest in his custodial classification, and Defendant's denial of his request that his custody restrictions be lowered did not subject him to hardship beyond what is ordinary to prison life. Defendant is also entitled to qualified immunity on all claims.

Plaintiff's opposition to Defendant's motion for summary judgment fails to overcome the deficiencies in his claims, and, accordingly, Defendant respectfully requests that summary judgment be granted.

## STATEMENT OF FACTS

Plaintiff is an incarcerated individual and sex offender. (ECF Nos. 17-7; 17-9.) Defendant, then a Correctional Captain at CTF, presided over Plaintiff's January 9, 2024 Post-Board Unit Classification Committee Hearing. (ECF No. 17-9; 2; 17-15 at ¶ 3.)

At his January 9, 2024 hearing, Plaintiff requested to be allowed to participate in CDCR's family visiting program. (ECF Nos. 2 at 3; 17-15 at ¶ 4; 17-4; 17-9.) Defendant informed Plaintiff that he was ineligible for the family visiting program due to his sex offender status. (ECF Nos. 17-15 at ¶ 4; 17-3 at 11; 17-9.) California Code of Regulations Title 15 § 3177(a)(1) prohibits family visiting for inmates convicted of any sex offense.

Plaintiff also requested that his custody restrictions be lowered. (ECF No. 2 at 3.) Defendant denied this request on the basis that California regulations only allowed for custody restrictions to be evaluated at annual reviews, not Post-Board Unit Classification Hearings and a minimum placement score of 19. (ECF No. 17-15 at ¶ 6; Cal. Code of Regs. Title 15 § 3375.2.)

## ISSUES PRESENTED

1. Did Defendant violate Plaintiff's right to freely exercise his religion under the First Amendment when, pursuant to state regulations, he denied Plaintiff's request to participate in CDCR's family visiting program at Plaintiff's January 9, 2024 post-board classification hearing?

2. Did Defendant violate Plaintiff's rights under RLUIPA when he denied Plaintiff's request to participate in CDCR's family visiting program at Plaintiff's January 9, 2024 post-board classification hearing?

3. Did Defendant violate Plaintiff's right to due process under the Fourteenth Amendment when he denied Plaintiff's request that his custody restrictions be lowered at Plaintiff's January 9, 2024 post-board classification hearing?

4. Is Defendant entitled to qualified immunity with regards to the above claims against him?

## ARGUMENT

### I. Defendant Did Not Violate Plaintiff's Right to Freely Exercise his Religion Under the First Amendment When He Denied Plaintiff's Request to Participate in Family Visiting.

Defendant's denial of Plaintiff's request to participate in CDCR's family visiting program did not violate Plaintiff's right to freely exercise his religion under the First Amendment.

First, in claiming that his right to freely exercise his religion was violated when Defendant denied his request to participate in the family visiting program, Plaintiff bears the burden of disproving the validity of the state's regulations. *Beard v. Banks*, 548 U.S. 521, 529–30 (2006) ("inferences must accord deference to the views of prison authorities." (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255) (1986) (citing *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003)). Defendant's denial of Plaintiff's request to participate in the family visiting program was pursuant to state regulations prohibiting participation for "incarcerated persons convicted of . . . any sex offense." Cal. Code. Regs. Tit. 15, § 3177. Plaintiff was previously convicted of "rape . . . [of a] minor 14 or older." (ECF Nos. 17-8; 17-12; 17-13.)

In addition, Defendant's denial of Plaintiff's request to participate in CDCR's family visiting program did not substantially burden Plaintiff's exercise of his Christian faith. (ECF No. 2.) A substantial burden "must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Jones v. Williams*, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (ellipses and brackets omitted) (quoting *Ohno v. Yasuma*, 723 F.3d 984, 1011 (9th Cir. 2013)). Plaintiff claims to have

been a practicing Christian for "about 28 years," had not had family visits while serving his current term, and that he practices his religion "on a daily basis." (ECF No. 17-3 at 8-9, 17.) No evidence suggests that Defendant's denial of Plaintiff's request to participate in the family visiting program substantially burdened Plaintiff's right to freely exercise his Christian faith.

Further, even if Defendant's denial of Plaintiff's request to participate in CDCR's family visiting program substantially burdened Plaintiff's right to freely exercise his religion under the First Amendment, such a burden is permitted if the regulation is "reasonably related to legitimate penological interests." *Turner v. Safley,* 482 U.S. 78, 89 (1987); *see Ben-Binyamin v. Ramirez,* No. 218CV01015KJMJDPPC, 2022 WL 2954945, at *2 (E.D. Cal. July 26, 2022) (Peterson, J.). Courts analyze four factors in determining whether a prison regulation is reasonably related to legitimate penological interests:

> (1) whether there is a "valid, rational connection" between the conduct of prison officials and "the legitimate governmental interest put forward to justify it"; (2) "whether there are 'alternative means of exercising the right that remain open to prison inmates' "; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) whether there are "ready alternatives" to the prison's practice.

*Jones*, 791 F.3d at 1032 n.5 (quoting *Ward v. Walsh*, 1 F.3d 873, 876 (9th Cir. 1993)); *see also Shakur v. Schriro,* 514 F.3d 878, 884 (9th Cir. 2008); *Turner*, 482 U.S. at 89–90.

Here, the first factor favors Defendant because his denial of Plaintiff's request to participate in the family visiting program had a valid, rational connection to the legitimate penological interests of maintaining institutional safety and enforcing state regulations. Language within the portion of the California Code of Regulations pertaining to family visiting in prisons states "Family visiting shall be restricted as necessary to maintain order, the safety of persons, the security of the institution/facility, and required prison activities and operations, pursuant to section 3170." Cal. Code. Regs. Tit. 15 § 3177(b)(1)(D). This indicates that restrictions within the California Code of Regulations on which categories of incarcerated individuals are ineligible for family visiting are implemented to maintain institutional safety and security. Defendant's

conduct was also rationally related to the legitimate penological purpose of following state regulations, which explicitly prohibit participation in the family visiting program for individuals convicted of sex offenses, like Plaintiff. Plaintiff's assertion that Defendant's application of the regulation prohibiting sex offenders from participating in the family visiting program was contrary to the state's rehabilitative objectives (ECF No. 18 at 14) is irrelevant to the question of whether the regulation is, in fact, rationally related to a legitimate penological purpose. *See Ben-Binyamin*, 2022 WL 2954945, at *3 ("It cannot be disputed that ensuring prison safety and security are legitimate state interests."). Also irrelevant are Plaintiff's arguments that sex offenders were previously allowed to participate in the family visiting program and the current regulation is thus an "exaggerated response" and that the regulation discriminates between sex offenders and those convicted of murder or part of Security Threat Groups. (ECF No. 18 at 15-19.) Given the deference that must be given to prison officials and the importance of maintaining institutional safety and security, the regulation prohibiting sex offenders from participating in the family visiting program remains rationally related to the legitimate penological purpose of maintaining institutional safety. With regards to neutrality, the regulation furthers the interest in maintaining institutional safety, which is not related to the "suppression of expression," *Thornburgh v. Abbott*, 490 U.S. 401, 415, quoting *Procunier v. Martinez*, 416 U.S. 396, 413.

The second factor also weighs in Defendant's favor, because alternative means of exercising his right to practice his religion remain open to Plaintiff. Plaintiff detailed practicing his religion "on a daily basis" by "respect[ing] women," not lying, and fasting. (ECF No. 17-3 at 19, 22.) That Plaintiff remains, and has remained, able to practice his religion via a variety of means indicates that alternative means of exercising his religion remain available to Plaintiff.

The third *Turner* factor also favors Defendant. Analysis of how accommodation of Plaintiff's request would impact the allocation of prison resources generally indicates that allowing Plaintiff to participate in the family visiting program would threaten institutional safety and security, thus affecting the allocation of resources within the prison. California Code of Regulations Title 15 § 3177(b)(1)(D) indicates that restrictions on the family visiting program are intended to protect institutional safety and security.

Finally, the fourth *Turner* factor also favors Defendant, because no ready alternatives to the prison's practice exist. Defendant denied Plaintiff's request pursuant to state regulations, which explicitly prohibit family visiting for sex offenders. (ECF No. 17-5; 17-8; 17-15 at ¶¶ 4-5; 17-12.) Defendant was acting in the course of his duties as a Correctional Captain when he denied Plaintiff's request to participate in the family visiting program, and no alternatives were available to him. (ECF No. 17-15 at ¶¶ 4-5, 8.)

## II. DEFENDANT DID NOT VIOLATE PLAINTIFF'S RIGHTS UNDER RLUIPA.

Defendant did not violate Plaintiff's rights under RLUIPA when he denied Plaintiff's request to participate in CDCR's family visiting program. To state a RLUPIA claim, Plaintiff must show (1) a religious exercise grounded in (2) sincerely held religious belief that (3) the challenged governmental actions substantially burdened. *Holt v. Hobbs*, 574 U.S. 352, 360–61 (2015); *Walker v. Beard*, 789 F.3d 1125, 1134 (9th Cir. 2015). If a regulation substantially burdens an inmate's religious exercise grounded in sincerely held religious belief, it may still be permitted if it furthers a " 'compelling governmental interest' " in the " 'least restrictive means.' " *See Cutter v. Wilkinson*, 544 U.S. 709, 712 (2005); 42 U.S.C. § 2000cc-1(a)(1)-(2).

As discussed within "I." above, Defendant did not substantially burden Plaintiff's religious exercise when he denied Plaintiff's request to participate in CDCR's family visiting program. Despite Defendant's denial of Plaintiff's request, Plaintiff was able to practice his religion in a variety of ways, including "respect[ing] women," not lying, and fasting, as well as "through reading scriptures Bible reading, Bible studying." (ECF No. 17-3 at 9.)

In addition, Defendant's denial of Plaintiff's request to participate in CDCR's family visiting program, pursuant to state regulations, furthered compelling state interests in the least restrictive means. Generally, complying with the law, or avoiding liability thereunder, is at times a compelling governmental interest. *Widmar v. Vincent*, 454 U.S. 263, 275 n.17 (1981); *Al Saud v. Days*, 50 F.4th 705, 709–711 (9th Cir. 2022). Within the correctional setting, there are unique compelling governmental interests. *See generally Overton v. Bazzetta*, 539 U.S. 126, 133 (2003) (maintaining prison security and preventing future crimes); *DeShaney v. Winnebago Cnty. Dept. of Soc. Servs.*, 489 U.S. 189, 199–200 (1989) (protecting prisoners' welfare); *Bell v. Wolfish*, 441

U.S. 520, 547 (1979) (ensuring prison staff's safety). Defendant's conduct furthered the compelling state interests in enforcing state regulations and maintaining institutional safety, as state regulations prohibited Plaintiff's participation in the family visiting program in order to maintain institutional safety. Defendant also had no less restrictive means available to him in furthering the identified compelling state interests. He could not allow Plaintiff to participate in the family visiting program so long as California Code of Regulations, Title 15, § 3177(b)(1) remained in effect.[1]

Congress expected federal courts to apply RLUIPA's exacting standard with "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources.'" *Cutter*, U.S. 544 at 723 (quoting 146 Cong. Rec. 16698, 16699 (2000) (joint statement of Sen. Hatch and Sen. Kennedy on RLUIPA)). The enforced regulations were built on correctional experience, expertise, and rationale. The Court should grant summary judgment on Plaintiff's RLUIPA claim.

### III. DEFENDANT DID NOT VIOLATE PLAINTIFF'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT WHEN HE DENIED PLAINTIFF'S REQUEST THAT HIS CUSTODY RESTRICTIONS BE LOWERED.

Plaintiff claims Defendant denied his request to lower his custody restrictions at his January 9, 2024 Post-Board Classification Hearing and denied Plaintiff the opportunity to present evidence in support of his request. (ECF No. 5 at 2-3.) The Fourteenth Amendment's Due Process Clause directs that no state may deprive any person of life, liberty, or property, without due process. Prisoners only have a Fourteenth Amendment right to procedural due process before the imposition of restrictions that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

[1] Defendant's Memorandum of Points and Authorities in support of his Motion for Summary Judgment erroneously states that Defendant "could not prevent Plaintiff from participating in the family visiting program so long as California Code of Regulations, Title 15, § 3177(b)(1) remained in effect." Defendant meant to state that he "could not allow Plaintiff to participate in the family visiting program . . . ." (ECF No. 17-1 at 20.) This was an error in drafting; nevertheless, the relevant regulation is clear on this point. *See* California Code of Regulations, Title 15, § 3177(b)(1). (ECF No. 17-12.)

Inmates do not have a protected liberty interest in their custodial classifications. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *Espinoza v. Benoit*, 108 F. App'x 869, 871 (5th Cir. 2004) (finding that close custody confinement "does not constitute an 'atypical and significant hardship ... in relation to the ordinary incidents of prison life.'") (*quoting Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)). Plaintiff's claim that his due process rights were violated therefore cannot proceed, and his assertion that he was unable to present evidence in support of his request for lower custody restrictions is irrelevant. (ECF No. 18.) Plaintiff also fails to show that Defendant's denial of his request caused "atypical and significant hardship" in relation to the "ordinary incidents of prison life." Prison life is frequently affected by classification-related limitations. In his opposition to Defendant's motion for summary judgment, Plaintiff fails to detail how the impact of his custodial classification on the length of his sentence or the " "likelihood' of violence" causes "atypical and significant hardship," given his incarcerated state. (ECF No. 18 at 27-28.) Accordingly, the Court should grant summary judgment on Plaintiff's due process claim.

**CONCLUSION**

The Court should grant summary judgment on all of Plaintiff's claims. In denying Plaintiff's request to participate in CDCR's family visiting program, pursuant to state regulations, Defendant did not violate Plaintiff's right to freely exercise his religion because Plaintiff's religious exercise was not substantially burdened, and the state regulations were reasonably related to legitimate penological interests. Defendant did not violate Plaintiff's rights under RLUIPA because his denial of Plaintiff's request to participate in the family visiting program did not substantially burden Plaintiff's rights and furthered the compelling state interests of enforcing state regulations and maintaining institutional safety in the least restrictive means. In addition, Defendant did not violate Plaintiff's right to due process when he denied his request that his custody restrictions be lowered because Plaintiff lacks a protected liberty interest in his custodial classification. Plaintiff also fails to show that Defendant's denial of his request that his custody restrictions be lowered caused him hardship beyond that typically associated with prison life. Finally, as argued in Defendant's summary judgment motion, Defendant is entitled to qualified

immunity. Accordingly, Defendant respectfully requests that the Court grant his motion for summary judgment.

Dated: October 20, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
KYLE A. LEWIS
Supervising Deputy Attorney General

***/s/ Isha Vazirani***
ISHA VAZIRANI
Deputy Attorney General
*Attorneys for Defendant Tumacder*

SF2025400340
44838611

# CERTIFICATE OF SERVICE

Case Name: ***Eric L. Gonzalez v. S. Tumacder, et al.*** No. **3:24-cv-06675-RFL**

I hereby certify that on October 20, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On October 20, 2025, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Eric Lamont Gonzalez (E-66196)**
**Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA 93960-0689**
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 20, 2025, at San Francisco, California.

| M. Paredes | */s/ M. Paredes* |
|---|---|
| Declarant | Signature |

SF2025400340
44839204